```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

VICKIE P. THOMAS,                       :

    Plaintiff,                          :

vs.                                     :
                                      CIVIL ACTION 09-0225-M

MICHAEL J. ASTRUE,                      :
Commissioner of
Social Security,                        :

    Defendant.                          :


                   MEMORANDUM OPINION AND ORDER

      In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18).  Oral argument has been waived in this action (Doc. 17).  Upon consideration of the administrative record, and the memoranda of the parties, it is Ordered that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

      This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Plaintiff was forty-eight years old, had completed one and one-half years of college (Tr. 551), and had previous work experience as a cashier and sewing machine operator (Doc. 11 Fact Sheet).  In claiming benefits, Plaintiff alleges disability due to Chronic Obstructive Pulmonary Disease, residuals from radiation treatments for lung cancer, degenerative arthritis, and diabetes (*id.*).

The Plaintiff filed protective applications for disability benefits and SSI on October 16, 2000 (Tr. 4, 73A-D).[1]  Benefits were awarded following a hearing by an Administrative Law Judge (ALJ) who determined that Thomas was disabled as of August 24, 2000 (Tr. 281-87).  A subsequent determination was made, on April 14, 2005, that Plaintiff was no longer disabled as of that month (Tr. 292-93); a reconsideration determination affirmed that

---

[1]The SSI application was not made a part of the record (Tr. 4).

2

decision (Tr. 294-95).  Thomas requested a hearing before an ALJ who determined that, as of April 2005, Plaintiff was no longer disabled, that she was capable of performing light work activity, and that she could return to her past relevant work as a cashier, sewing machine operator, or assembler (Tr. 30-42).  Plaintiff requested review of the hearing decision (Tr. 20-21) by the Appeals Council, but it was denied (Tr. 9-12).

In bringing this action, Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Thomas alleges the following:  (1) The ALJ did not properly develop the record; and (2) the ALJ did not give Plaintiff an opportunity to question the Vocational Expert (hereinafter *VE*) at the evidentiary hearing (Doc. 11).  Defendant has responded to—and denies—these claims (Doc. 12).

Plaintiff first claims that the ALJ did not properly develop the record (Doc. 11, pp. 3-5).  The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  The Court notes, however, that the claimant still has the burden of proving an inability to work.  *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

The Court notes that the ALJ made his decision based on the following:  an MRI report of the cervical and thoracic spine from

3

Robert M. Smith, dated December 8, 2004 (Tr. 412-14); medical records from the Tri County Medical Center during the period spanning October 22, 2002 through January 28, 2005 (Tr. 416-81); a mental examination by Psychologist Jill Hall on March 4, 2005 (Tr. 482-86); a physical examination by Dr. Mark B. Ellis on March 10, 2005 (Tr. 487-93); an echocardiograph report and a chest x-ray from the Atmore Community Hospital on April 15-26, 2005 (Tr. 494-97); records from D. W. McMillian Memorial Hospital, including chest x-rays and a CT of the thorax, during the period of January 27, 2004 through June 9, 2005 (Tr. 498-507); and a treatment note from Dr. Craig C. Cartia from February 27, 2007 (Tr. 508).  In reaching the decision that Thomas was no longer disabled, the ALJ found that Plaintiff's statements concerning her symptoms were not entirely credible;[2] he also gave substantial weight to the opinions of Dr. Ellis and Psychiatrist Hall (Tr. 39-41).[3]

In his decision, the ALJ specifically noted that "although requests for updated medical records were submitted to the claimant's treating sources, there are no treatment or other medical records for the year 2006 available for review and only one treatment note for the year 2007" (Tr. 39).  In spite of

---

[2] Plaintiff has not challenged that finding in this action.

[3] Thomas has made no claims in this action concerning the ALJ's determinations as to the medical evidence which he viewed, so the Court will not summarize the evidence herein.

Thomas's assertion that she told the ALJ of three different examining doctors and that "apparently no efforts were made to obtain these medical records" (Doc. 11, p. 5), the ALJ has indicated otherwise.

Nevertheless, the Court notes that medical records were submitted to the Appeals Council from two of those physicians (Doc. 11, p. 5; *Cf.* Tr. 8, 509-22).[4]  The summary of those records follows.

Dr. Craig C. Cartia examined Thomas on three different occasions between January 27, 2004 and June 14, 2005 (Tr. 509-14).  In the first instance, the doctor stated that the "patient was not specifically examined" though it was noted that she was "stable with her medications with the pain level of 4 out of 10" (Tr. 513).  Cartia re-prescribed Lortab[5] and told Thomas to return in six months (*id.*).  On January 11, 2005, the doctor again stated that Plaintiff "was not specifically examined" while noting that she was taking her medications without side effects; he re-prescribed her medicine and instructed her to return in six months (Tr. 511).  On June 14, 2005, Dr. Cartia examined Thomas who complained of pain in the thoracic and lumbar spine as well

---

[4]Plaintiff's failure to provide the records of the third doctor, even at this late date, suggest the difficulty the ALJ may have had in procuring those records.

[5]*Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain."  *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

as in her knees (Tr. 509).  An MRI showed mild spondylosis and mild degenerative changes in the thoracic spine; the doctor noted some tenderness in the thoracic, paraspinous, and lumbar regions though there was no significant midline tenderness or spasm (*id.*).  Cartia again prescribed Lortab, recommended anti-inflammatory medications for arthritic complaints, and instructed Plaintiff to return in six months.

Dr. Sandeep Bhad Kamkar examined Thomas on five different occasions, dating from February 11, 2005 through June 6, 2005 (Tr. 515-22).  On the first examination, Plaintiff denied chest pain or shortness of breath; the doctor diagnosed an upper respiratory infection and prescribed medication (Tr. 521-22).  On March 24, Thomas claimed that she had experienced excessive shortness of breath for a couple of weeks though she denied chest pain; the doctor noted that she was moving around comfortably without any shortness of breath (Tr. 519).  Kamkar determined that Plaintiff was suffering from sinus tachycardia and changed her medication regimen (Tr. 519-20).  On April 15, Thomas again complained of shortness of breath though there was no chest pain; the doctor prescribed Albuterol[6] (Tr. 518).  Ten days later, Plaintiff again asserted shortness of breath on exertion along

---

[6]*Albuterol* is the generic name for an inhalation aerosol use to prevent and relieve "bronchospasm in patients with reversible obstructive airway disease, and for the prevention of exercise-induced bronchospasm."  *Physician's Desk Reference* 2656 (52nd ed. 1998).

with a runny/stuff nose; Dr. Kamkar diagnosed an upper respiratory infection and shortness of breath and prescribed medication (Tr. 517).  On the last examination, the doctor noted that an echo demonstrated normal LV function; he further noted, on examination, that she had good air entry bilaterally with no crypts or wheezes (Tr. 515-16).

After reviewing these medical records, the Appeals Council found that "this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 10). Likewise, the Court finds that these medical records support the ALJ's conclusion that Plaintiff is able to work.  Plaintiff has not demonstrated that the ALJ's failure to acquire these particular medical record was an error which would require the remand of this action.  The Court further points out that Thomas has failed to assert—much less demonstrate—the substance of any other medical records which indicate an inability to work.  This claim is without merit.

Plaintiff next claims that the ALJ did not give Plaintiff an opportunity to question the VE at the evidentiary hearing (Doc. 11, pp. 5-6).  The Court notes that the ALJ questioned the VE, after which the following discussion took place:

> ALJ:  Okay.  Ms. Thomas, do you have any questions you'd like to ask Mr. Murphy?  You feel free to ask him any questions you'd like to.

>     CLMT:   What type of question?
>
>     ALJ:    Anything you want to ask him.  I
> don't know.  I mean you may not have any
> questions, but if you'd like to ask him any
> questions, you're welcome to do that.
>
>     CLMT:   Well, I don't – – say like he was
> saying I'm able to work.  I don't – – you
> know, what kind of job would let you every 15
> minutes, you know, have to stop or, you know.
>
>     ALJ:    Well, do you want to ask him any
> questions?  I mean that's my question.
>
>     CLMT:   Oh, no.

(Tr. 560-61).  Thomas claims that "because she was not familiar with the proper procedure for proffering hypotheticals to the VE and the [ALJ] neglected to instruct her on this procedure," she was not given an adequate opportunity to question the VE (Doc. 11, p. 6).

The Court notes that, while there is some obvious confusion on Plaintiff's part in this dialogue with the ALJ, Plaintiff has no demonstrated any harm in it.  Specifically, there has been no proffer of questions—and evidence provided to support those questions—which would have raised doubts concerning Thomas's ability to work.  Though Plaintiff attempted to assert that she had to stop and rest every fifteen minutes, there is no medical evidence to support the assertion.  While the ALJ's guidance in posing Thomas's concerns to the VE would have been appropriate, the Court cannot say that his failure to do so was more than

harmless error.

Plaintiff has raised two claims in bringing this action. Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is Ordered that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 28th day of October, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
